UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MARK A. GILLIAM,                              )
                                             )
                    Petitioner,              )
                                             )
v.                                           )        Nos.    2:06-CR-50-JRG-MCLC-1
                                             )                2:13-CV-201-JRG
UNITED STATES OF AMERICA,                    )
                                             )
                    Respondent.              )

## MEMORANDUM AND ORDER

Before the Court is Petitioner's motion for reconsideration, [Doc. 226], and his amended

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 210-1].

Petitioner filed a motion to amend on April 22, 2016, to include a request for collateral relief

based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Doc. 210], and the motion was

granted by the Magistrate Judge on August 28, 2016, [Doc. 212]. The United States was advised

to respond to the amended motion, [Doc. 214], and did so on May 31, 2016, [Doc. 218]. The

petitioner in turn replied, [Docs. 219, 220, 221].[1] On July 28, 2016, the Court entered a

memorandum opinion and order denying all claims raised by petitioner in his original and first

amended motion, but did not address any issue raised in his latest amended motion, [Doc. 224],

and judgment was entered as to those claims, [Doc. 225]. Petitioner's motion to reconsider is

DENIED, except to the extent it now seeks a ruling from the Court on his amended petition,

---

[1]       On February 11, 2016, Federal Defender Services of Eastern Tennessee ("FEDSET") was
appointed for the limited purpose of reviewing the case to determine whether or not Petitioner is
eligible for collateral relief based on *Johnson*. *See* E.D. Tenn. S.O.-16-02 (Feb. 11, 2016). After
being notified of a conflict of interest [Doc. 211], this Court appointed substitute CJA counsel to
fulfill FEDSET's duties under the Standing Order [Doc. 215]. Consistent with that appointment,
counsel filed a supplement addressing Petitioner's entitlement to relief [Doc. 221].

[Doc. 210-1]. For the reasons set forth below, the amended motion, [Doc. 210-1], is DENIED and petitioner's claims for relief in the amended motion is DISMISSED.

## I.    BACKGROUND

In January of 2009, Petitioner pled guilty to one count of committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) [Docs. 115, 116]. In calculating Petitioner's Presentence Investigation Report ("PSR"), the United States Probation Office deemed Petitioner's a career offender. The Court agreed, found an upward departure to be warranted, and imposed an aggregate sentence of 480 months' imprisonment: 240 months for the robbery and a consecutive 240 months for the § 924(c) offense [Docs. 142, 147].

Petitioner appealed and the Sixth Circuit affirmed his convictions, but vacated and remanded his sentence in light of intervening circuit precedent that might bar Petitioner's classification as a career offender. *See generally United States v. Gilliam*, 384 F. App'x 497, 500 (6th Cir. 2010). Upon remand, the Court determined that Petitioner did not qualify as a career offender, but re-imposed the same sentence after concluding that his criminal history category significantly understated his actual criminal history [Doc. 166 p. 29]. Petitioner appealed again, but the Sixth Circuit affirmed the remanded sentence in totality [Doc. 172].

On August 5, 2013, Petitioner filed an original § 2255 petition, challenging his sentence on numerous grounds, including: (1) validity of his plea; (2) ineffective assistance of counsel; and (3) prejudicial error by the Court [Docs. 186, 187]. On February 3, 2014, Petitioner filed a request for leave to amend the original petition to include an additional challenge based on the entry of, and subsequent failed attempt to withdraw, his guilty plea [Doc. 196]. During pendency of these motions, on June 26, 2015, the United States Supreme Court invalidated the

residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in *Johnson*. Less than one year later, Petitioner submitted what the Court now interprets as a challenge to the validity of his conviction under § 924(c) in light of that decision, elaborating on pre-existing ineffective assistance claims, and raising a novel challenge to the validity of his plea [Doc. 210 (requesting leave to amend); Doc. 213 (amendment)].

On July 28, 2016, this Court denied the requests for collateral relief based on those grounds raised in Petitioner's original petition and first request for leave to amend [Docs. 224, 225]. The Court turns now to address the sole remaining issue: Petitioner's challenge to his sentence in light of the Supreme Court's holding in *Johnson*.

## II. ANALYSIS

Petitioner's argument that he no longer possesses predicate offenses sufficient to support his categorization as an armed career criminal under § 924(e) or career-offender under Section 4B1.1 of the United States Sentencing Guidelines fails because the record demonstrates that neither provision was used in reaching the challenged sentence [Doc. 142; Doc. 166 p. 29].[2]

---

[2]     The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA.

3

Petitioner's argument that the *Johnson* decision invalidated the similarly-worded residual clause in § 924(c)(3)(B) and thus precludes his violation of 18 U.S.C. § 1951 from categorization as a "crime of violence" sufficient to support a conviction under § 924(c)(1)(A) [Docs. 210, 213 (requesting vacatur of his § 924(c) conviction)], fails for two reasons.

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2, § 924(c)(3)(B)'s definition of crime of violence remains unaffected. *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). As such, the conviction under 18 U.S.C. § 1951 remains capable of supporting his conviction under § 924(c)(1)(A).[3]

Second, even if *Johnson*'s reasoning could somehow be used to invalidate § 924(c)(3)(B), Petitioner's conviction for Hobbs Act robbery would remain a crime of violence under the provision because the offense qualifies under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element

---

*See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

[3]      The fact that the Supreme Court has extended the deadline for the defendant in *Taylor* to file a petition for a writ of certiorari does not alter the otherwise settled status of the law within the Sixth Circuit. As such, the Court declines Petitioner's request to defer resolution of the instant matter pending completion of the writ process in that case [Doc. 211 p. 2 (requesting that the Court allow Petitioner to "preserve his rights to challenge the residual clause definition with § 924(c), until the circuit split has been settled or a petition for writ of certiorari on the issue is denied")].

the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's conviction for Hobbs Act robbery, which by definition involves the taking of property "by means of actual or threatened force, or violence, or fear of injury," 18 U.S.C. § 1951(b)(1), categorically falls within the scope of that provision. *See, e.g.*, *In re Fleur*, No. 16-12299, 2016 WL 3190539, at *3 (11th Cir. June 8, 2016) (finding, post-*Johnson*, that Hobbs Act robbery categorically qualifies as a crime of violence under the use-of-physical-force clause in 18 U.S.C. § 924(c)(3)(A)); *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (same); *accord United States v. House*, No. 14-3011, 2016 WL 3144735, at *3 (8th Cir. June 2016) (finding that Hobbs Act robbery categorically qualifies as a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)(ii)'s use-of-physical-force clause); *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within the Section 4B1.2(a)'s use-of-physical-force clause); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (finding that Tennessee robbery, which can be committed "by violence or putting the person in fear," categorically qualifies as a violent felony under the ACCA's use-of-physical-force clause). In light of the foregoing, *Johnson* is inapposite and cannot operate as a basis for collateral relief.

To the extent that Petitioner suggests that the Court should set aside his plea because: (1) he and his attorney were under the mistaken belief at the time of its entry that prior felony escape offenses could be used to enhance a conviction under 18 U.S.C. § 922(g) to include a violation of § 924(e); (2) an intervening change in law after Petitioner entered the plea in exchange for waiver of the § 922(g) charge made clear that the convictions could not be used for armed career criminal designation; and (3) the foregoing confusion prevented that plea from being knowing

and voluntary [Doc. 213], the ground fails as a matter of law because the argument is barred by the one-year statute of limitations governing actions under § 2255.[4]

Petitioner's judgment of conviction became final on November 6, 2012; ninety days after the Sixth Circuit affirmed his remanded sentence. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that a conviction affirmed on appeal becomes final when the period for seeking a writ of certiorari expires); U.S. Sup. Ct. R. 13(3) (providing ninety-day period for requesting a writ of certiorari, running from the date of the Court of Appeal decision). The window for requesting timely relief under § 2255(f)(1) began to run on that date, expiring one year later on November 6, 2013. Failure to request leave to submit the amended claim until nearly two-and-a-half years later, on April 22, 2016, renders the claim untimely under that provision. Unlike his challenge to the § 924(c) conviction, questioning the knowing and voluntary nature of his guilty plea cannot be characterized as "assert[ing]" the right newly recognized in *Johnson* and thus he cannot rely on the renewed limitations period under § 2255(f)(3). Finally, Petitioner has failed to demonstrate that §§ 2255(f)(2) or (f)(4) apply.[5]

---

[4]    Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)).

[5]    Specifically, he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence.

## IV.    CONCLUSION

For the reasons discussed, Petitioner's amended motion [Docs. 210-1, 213] is **DENIED**, and the amended petition will be **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court also must determine whether a certificate of appealability should be granted on this claim. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claim in the amended motion, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue as to claims raised in the amended motion.

A separate judgment will enter.

ENTER:
   **IT IS SO ORDERED.**

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE